## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **KESIENA TANI,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| v. | * | **Civil No. RWT 05-2564** |
| | * | |
| **CITIGROUP GLOBAL MARKET** | * | |
| **REALTY CORP., et al.,** | * | |
| | * | |
| **Defendants** | * | |
| | * | |

## MEMORANDUM OPINION

On September 15, 2005, the Plaintiff filed a complaint containing virtually unintelligible allegations against a broad variety of Defendants who have, in one form or another, had something to do with a mortgage loan made to the Plaintiff.  The Plaintiff has previously filed virtually identical cases, albeit with minor and legally insignificant differences, against many of the same Defendants.  (*See, Tani v. President/CEO, Salomon Brothers Realty Corp./Citigroup, et al.*, United States District Court for the District of Maryland, Civil No. CCB-03-2566, and *Tani v. Citigroup Global Market Realty Corp., et al.*, Circuit Court for St. Mary's County, Maryland, Case No. 18-C-05-001089 OC).  On December 1, 2005, this Court granted a Motion for a More Definite Statement filed by the Defendant, Covahey, Boozer, Devan & Dore, P.A., and directed the Plaintiff to file an amended complaint in conformance with the Memorandum Opinion and Order on or before December 16, 2005.

Almost three weeks after the deadline established by this Court for the filing of an amended complaint, the Plaintiff filed an amended complaint which remains as unintelligible as the first.  The amended complaint added additional Defendants and this Court, by Order dated January 6, 2006

advised the Plaintiff of the need for effecting service on the additional Defendants and cautioned him that if service was not effected on the Defendants added in the amended complaint, he would risk dismissal of his cause of action.  Although summonses were issued by the Clerk of this Court in accordance with the January 6, 2006, order, no record of service has been filed with the Clerk of this Court.

On January 17, 2006, all Defendants joined in the filing of a Motion to Dismiss and for a Pre-Filing Injunction or, in the Alternative, for a More Definite Statement.  No response was filed by Plaintiff.  The amended complaint filed by the Plaintiff, as noted above, was both delinquent and utterly failed to comply with the directives of this Court that a more definite statement be filed.  In light of the well-documented history of vexatious litigation filed by this Plaintiff, the Court does not believe that a further chance should be given to him for the filing of yet another amended complaint. The Plaintiff has acted with indifference to the pleading requirements of the Federal Rules of Civil Procedure and has disregarded multiple orders of this Court and deadlines established thereby. There must come a time for an end to a court's patience with recreational litigants, and that time has now come.  While the Court does not believe that a preliminary injunction should be entered at this time, the Plaintiff is cautioned that the provisions of Rule 11 of the Federal Rules of Civil Procedure authorize the Court to award reasonable expenses and attorney's fees against a party where a pleading is filed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.  In the event that the Plaintiff makes any further filings in violation of this Rule, he is cautioned that this Court will consider the imposition of sanctions as well as an injunction prohibiting the further filing of any pleadings without leave of this Court.  For these reasons, by separate Order, this Court will grant the Motion to Dismiss and deny as moot all other pending motions.

<table>
<tr><td></td><td>_____/s/_____</td></tr>
</table>

Date:   3/29/06                                        ROGER W. TITUS
                                                       UNITED STATES DISTRICT JUDGE